IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JERRY E. BUTLER,

                              Plaintiff,                       OPINION AND ORDER

        v.                                                          20-cv-175-wmc

JIM ESCHALANTE, BARB
GERLOFF, GAIL SIMPSON,
DOUG ROSENBERG, TERI
ENGLKE, and BETH JANETSKI,

                              Defendants.

*Pro se* plaintiff Jerry E. Butler is proceeding in this civil action against a group of employees of the University of Wisconsin-Madison's School of Education, claiming they discriminated against him on the basis of his age and his race in the hiring process for an Associate Faculty position in violation of the Equal Protection Clause of the Fourteenth Amendment, Title VII of the Civil Rights Act, the Age Discrimination in Employment Act ("ADEA"), and the Wisconsin Fair Employment Act ("WFEA").[1]  Before the court is defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b) or for a more definitive statement under Rule 12(e).  (Dkt. #12.)  For the following reasons, that motion will be granted in part and denied in part.

---

[1] While Butler also generally references "Affirmation Action Laws" and "Federal Laws Prohibiting Job Discrimination" (dkt. #14 at 3), these are not specific enough to state a separate claim.  As for the Equal Employment Opportunity Act of 1972, which Butler also mentions, that legislation amended Title VII to give the EEOC authority to conduct its own enforcement litigation.  However, the EEOC is obviously not a party to this lawsuit.  Thus, Butler's allegations most fairly implicate his rights under the equal protection clause, Title VII, ADEA, and WFEA.  Unsurprisingly, the parties' briefs principally address these same constitutional and statutory grounds, and so, the court will limit its analysis accordingly as well.

ALLEGATIONS OF FACT[2]

Jerry Butler is an African American artist and resident of Sun Prairie, Wisconsin. As noted, defendants are all employees of the University of Wisconsin-Madison's School of Education:   Jim Eschalante is its Associate Dean; Barb Gerloff and Teri Englke are Assistant Deans; Gail Simpson is a professor; Doug Rosenburg is the chair of the Art Department within the School of Education; and Beth Janetski is a policy and planning analyst for the School.

In May 2014, the School of Education posted a job announcement for a full-time Art Education Faculty Associate to "be responsible for all aspects of the undergraduate Art Education teacher certification program."  (Dkt. #14-2 at 1.)  At 68 years of age, Butler applied for the position that same month by sending a four-page letter outlining his professional experience, qualifications and interest in the position.  (Dkt. #14-5.)  In the letter, Butler gave a detailed description of his experience working as a professional artist and educator over the prior 15 years, including the names of specific schools and organizations that had employed him.

---

[2] In response to defendants' motion, Butler filed two unopposed motions (1) to present a more definite statement, along with exhibits, and (2) to include two additional exhibits.  (Dkt. ##14, 22.)  The court will grant both motions, treating the more definite statement as supplements to his original pleading and considering all proffered exhibits as appropriate, and therefore deny as moot defendants' motion for a more definitive statement under Federal Rule of Civil Procedure 12(e).  (Dkt. #13 at 5.)   The court has further considered plaintiff Butler's allegations and arguments in his opposition brief to defendants' motion to dismiss (dkt. #21), which were filed after defendants' reply and do not change the outcome of any pending motion. Accordingly, the court assumes all the following facts based on allegations in Butler's original complaint as supplemented by his more definitive statement, exhibits and opposition brief.

The School of Education's Associate Dean, Eschalante and Professor Simpson exchanged emails in May of 2014 about the potential applicants, which Butler alleges contain ageist and racist statements and reflect favoritism for candidates they knew.  To begin, Eschalante generally noted in his May 27 emails to Simpson that the applicants represented "[a]n interesting range" and that there was "a wide range of years of service" and "range of candidates."  (Dkt. #14-4.)  Then, Eschalante remarked to Simpson that while an older, qualified candidate had "the most experience," that candidate's interest in research was not a good fit for the academic staff position.  (Dkt. #14-3.)  By contrast, in support of one of his students who had also applied, Eschalante indicated that she was "wonderful," had "vision [that] is more in line with lots of our studio faculty," and that it was "hard to compare those that you have met with others."  (Dkt. #14-4.)  Butler also alleges that most of the studio faculty is white (dkt. #21 at 4), and even though this student did not have the appropriate degree or experience, Eschalante was "willing to overlook that and appoint her to a lifetime prestigious position," while ignoring Butler's superior qualifications and extensive, relevant experience.  (Dkt. #14 at 9.)

Regarding that experience, Eschalante wrote:

> Jerry Butler has a long list of accomplishments.  It seems odd that he did not list any previous employer on his cv.  This needs some clarification.  I checked the others.  Those that are viable candidates did list them.

(Dkt. #14-3.)  Butler further alleges that because he included his previous employers in his cover letter -- and because Eschalante had known him for many years and was familiar with his accomplishments -- Eschalante disingenuously cast doubt on his honesty, subjecting him to "unfair honesty testing."  (Dkt. #14 at 4.)

3

Finally, Butler alleges that Simpson supported Eschalante's discriminatory hiring as evidenced by the fact that she did not challenge Eschalante's opinions, and her list of top candidates did not include Butler or any of the other, older candidates.  (Dkt. #14-3.) Butler also points to Simpson's May 28 email comment to Eschalante in support of another candidate based on that candidate's community murals and ability to make a good transition to the University.  (Dkt. #14-3.)  Butler argues that this comment shows how Simpson ignored Butler's superior but similar experience, having presented 16 community murals in five states and taught at another state university.   Similarly, Butler points to Eschalante's personal notes about the applicants as evidence that he was aware none of the applicants who moved forward in the hiring process actually met the requirements of the position vacancy listing, while Butler was qualified.  (Dkt. ##22, 22-2.)

Ultimately, Butler was not interviewed for the position, and he filed an EEOC complaint at some unspecified date.  Based on the documents he received as part of the EEOC investigation, and in light of the information in the position vacancy listing, Butler concluded that he had been one of the most qualified candidates.  This lawsuit followed.[3]

---

[3] Several months after briefing on defendants' motion to dismiss was completed, Butler filed a motion objecting to the court's consideration of any statements by defendants other than those made by Simpson and Eschalante in their email exchange on May 27 and May 28, 2014, and to "move [the] case forward."  (Dkt. #23 at 1.)  The motion will be denied.  For one, the court has now resolved defendants' motion, and the case will proceed.  For another, plaintiff does not explain the basis for his objection.  In any event, the only statements the court has considered for purposes of this order are those from the Eschalante and Butler emails, along with Eschalante's notes on the applicants for the open position that *Butler* submitted.  (Dkt. ##14-3, 14-4, 22-2.)  To the extent that plaintiff wants to prevent defendants from submitting additional statements as the case proceeds, the court will not rule on the ultimate admissibility of evidence at the pleading stage.  Finally, plaintiff also includes arguments duplicative of those presented in his earlier filings, which the court already considered in resolving defendants' motion.  If plaintiff is seeking to allege additional claims, or plaintiff discovers a good faith

OPINION

Defendants concede that plaintiff has alleged sufficient facts to state an equal protection claim under 42 U.S.C. § 1983 against Eschalante and Simpson. (Dkt. #17 at 1.) However, they move for dismissal of plaintiff's remaining claims for failure to state a claim upon which relief may be granted. More specifically, defendants seek dismissal of plaintiff's equal protection claims against any named defendant other than Eschalante and Simpson, as well as all other discrimination claims against all defendants under Title VII, the ADEA, and the WFEA.

Dismissal of a plaintiff's claims under Rule 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Thus, to survive a motion to dismiss, a complaint must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). With this standard in mind, the court addresses the sufficiency of the factual allegations with respect to each of plaintiff's claims in turn below.

## I.  Equal Protection Claims

To begin, plaintiff alleges that all of the defendants violated the Equal Protection Clause by discriminating against him based on his race and age during the hiring process

basis to do so as discovery progresses, he must ask for leave to amend his complaint *and* include *all* his allegations in *one* document to avoid confusing the issues before the court with piecemeal filings.

for a new Associate Faculty position in the Art Department of the UW's School of Education.[4]  Plaintiff alleges that he is African American and was 68 years old during the hiring process.  He further alleges that Eschalante and Simpson both made statements that reflected unequal treatment during that process because of his age and race, as well as hired someone else less qualified for the position than he.  *See Personnel Administrator of Massachusetts v. Feeney*, 442 U.S. 256, 279 (1979) (Equal Protection Clause prohibits discrimination "'because of,' not merely 'in spite of'" a particular characteristic).

At the pleading stage, "all a plaintiff has to do is allege that a particular defendant discriminated against him in a particular way because of a particular characteristic." *Hafermann v. Wisconsin Dep't of Corr.*, No. 14-cv-615-bbc, 2016 WL 206484, at *9 (W.D. Wis. Jan. 15, 2016); *see also Bennett v. Schmidt,* 153 F.3d 516, 518 (7th Cir. 1998) ("'I was turned down for a job because of my race' is all a complaint has to say."); *Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010) ([i]n context of Fair Housing Act, "Swanson's complaint identifies the type of discrimination that she thinks occur[red] (racial), by whom (Citibank, through Skertich, the manager, and the outside appraisers it used), and when (in connection with her effort in early 2009 to obtain a home-equity loan). This is all that she needed to put in the complaint.").

Although *proving* his claims is another matter, construing these pleadings generously and drawing all inferences in his favor, plaintiff has at least arguably pleaded sufficient

---

[4] While plaintiff is also asserting a claim for age discrimination under the ADEA, the Seventh Circuit has held that this does not preclude his asserting a § 1983 claim for enforcement of overlapping constitutional rights, and in particular, "is not the exclusive remedy for age discrimination in employment claims."  *Levin v. Madigan*, 692 F.3d 607, 617, 622 (7th Cir. 2012).

facts to provide notice to these defendants as to his basis for believing they did not hire him, or even interview him, in 2014 because of racial and age bias.[5]  Regardless, defendants concede that plaintiff has pleaded sufficient facts to proceed against defendants Eschalante and Simpson, so the question is whether he has also sufficiently alleged a link between the actions of each of the remaining individual defendants and this alleged constitutional violation as required by § 1983.  *See Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010) ("individual liability under § 1983 requires personal involvement in the alleged constitutional violation.").

The short answer is "no."  Indeed, at this point at least, plaintiff's allegations implicate *only* defendants Eschalante and Simpson based on their alleged personal prioritization of candidates and statements made in emails, none of which appear to have been exchanged or even shared with any of the other defendants.  (Dkt. ##14-3, 14-4.) Although plaintiff alleges that the remaining defendants also were members of the hiring panel, or administrators overseeing the hiring process, mere panel membership does not allow the conduct of one member to be imputed to *all* other members; what is required are

---

[5] In the initial complaint, plaintiff sought instatement in an Associate Professor of Drawing and Painting position in the UW's Art Department that was presumably still open, as well as six years of back pay at the Associate Professor level.  (Dkt. #1 at 3.)  He does not renew his request for instatement in the position in subsequent filings, but still requests back and now front pay at the Associate Professor level, as well as damages for "mental anguish and inconvenience."  (*See* dkt. ##16 at 11, 21 at 7-8.)  To the extent plaintiff is still seeking injunctive relief in the form of instatement to a faculty position, Eschalante, as Associate Dean, appears to be best situated to grant it, as defendants suggest.  (Dkt. #17 at 3.)  Official capacity claims seeking injunctive relief are permissible under § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n. 10 (1989).  However, such a claim "can stand only against someone who has the authority to grant it."  *Williams v. Doyle*, 494 F. Supp. 2d 1019, 1024 (W.D. Wis. 2007);  *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).  Accordingly, plaintiff may proceed on a claim for injunctive relief against Eschalante in his official capacity.

allegations sufficient to find that each defendant personally took some specific, adverse action toward plaintiff as part of the hiring process or hiring itself based on his age or race. *See Bank of America, N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) ("Each defendant is entitled to know what he or she did that is asserted to be wrongful."). More specifically, a defendant cannot be held liable for what other people did or did not do because there is no concept of supervisory strict liability under § 1983. *Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011). Accordingly, plaintiff's equal protection claims against defendants Gerloff, Englke, Rosenburg, and Janetski will be dismissed at this juncture, and these defendants will be dismissed from this suit.

## II. Title VII and ADEA Discrimination Claims

Plaintiff is also pursuing separate claims against each named defendant for violations of Title VII and the ADEA. Title VII makes it unlawful for employers to discriminate because of "race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a). The ADEA makes it unlawful for an employer "to fail or refuse to hire or discharge any individual or otherwise discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).

In light of plaintiff's supplemental allegations, defendants no longer challenge either statutory claim as insufficiently pled. (*See* dkt. #17 at 3-4.) Specifically, plaintiff now alleges that: (1) he was not hired, or even interviewed, for a position he was well qualified for because of his age and race; and (2) defendants made the statements and decisions he believes supports these claims of discrimination. *See Freeman v. Metro. Water Reclamation*

8

*Dist. of Greater Chi.,* 927 F.3d 961, 965 (7th Cir. 2019) (to proceed against the District under Title VII, "Freeman needed only to allege . . . that the District fired him because of his race"); *Stumm v. Wilkie*, 796 F. App'x 292, 295 (7th Cir. 2019) (to establish a prima facie Title VII or ADEA case at the pleading stage, "plaintiff need plead only the type of discrimination, when it occurred, and by whom."). Rather, defendants assert that plaintiff has not named proper defendants for his claims under Title VII and the ADEA because these statutes only authorize suits brought directly against employers.

Legally, defendants are correct. *See Passanti v. Cook Cnty.*, 689 F.3d 655, 622 n.4 (7th Cir. 2012) ("Title VII authorizes suit only against the employer. Individual people who are agents of the employer cannot be sued as employers under Title VII"); *see also Anderson v. Centers for New Horizons, Inc.*, 891 F. Supp. 2d 956, 959 (N.D. Ill. 2012) ("Plaintiff concedes that she cannot bring a claim under ADEA . . . as there is no individual liability under the statute."). Under the applicable state statute, the properly named employer in this case would be the Board of Regents for the University of Wisconsin-Madison. *See* Wis. Stat. § 36.09 (establishing that the Board governs the schools and programs within the university). However, plaintiff also argues that in suing the individual defendants, the Board "is therefore a connecting party," and indicates his intent to have named the Board. (Dkt. #21 at 3.)

To avoid any further, unnecessary delay, therefore, the court will direct joinder of the Board of Regents as a defendant. *See* Fed. R. Civ P. 20(a) (persons "may be joined in one action as defendants if: (A) any right to relief is asserted against them . . . arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any

question of law or fact common to all defendants will arise in the action."); Fed. R. Civ.
P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a
party"); *see also Rounds-Rheaume v. Univ. of Wisconsin State Lab'y of Hygiene*, No. 16-cv-146-
jdp, 2016 WL 3951228, at *2 (W.D. Wis. July 20, 2016) (substituting under Rule 21 the
Board of Regents as the proper defendant for plaintiff's Title VII retaliation claim). While
plaintiff may proceed with his Title VII claim, he cannot proceed with his claims asserted
under the ADEA, because those claims are barred by sovereign immunity. *Kimel v. Fla. Bd.
of Regents*, 528 U.S. 62, 91-92 (2000) ("in the ADEA, Congress did not validly abrogate
the States' sovereign immunity to suits by private individuals"); *see also Gore v. Ind. Univ.*,
416 F.3d 590, 591-92 (7th Cir. 2005) (in light of *Kimel*, the district court was right to
dismiss on sovereign immunity grounds plaintiff's age discrimination claim against a
university).

Accordingly, plaintiff may proceed on his Title VII claim, but not under the ADEA.
The Attorney General's office -- which is already representing the other defendants named
in this lawsuit -- will presumably also represent the Board of Regents. Still, the Board is
entitled to *formal* service of plaintiff's summons and complaint, as well as his supplemental
filings, unless waived. Since is it certainly more efficient for all parties to avoid that
formality, if possible, the court will give counsel for defendants one week from the date of
this order to inform plaintiff and the court whether they will accept service for the Board
of Regents. If counsel accepts service, then the Board of Regents may have two additional
weeks to answer or otherwise respond to plaintiff's complaint. If not, plaintiff will need
to arrange formal service.

### III. WFEA Claims

Finally, plaintiff alleges that defendants subjected him to "unfair honesty testing," presumably in violation of the WFEA.  *See* Wis. Stat. § 111.32(14) (defining "unfair honesty testing" as "any test or procedure which violates s. 111.372").  The WFEA provides that "no employer . . . may engage in any act of employment discrimination . . . against any individual on the basis of age [or] race[.]"  Wis. Stat. § 111.321.  Moreover, the Wisconsin Department of Workforce Development's Equal Rights Division receives, investigates, and holds hearings on complaints charging discrimination in violation of the WFEA.  Wis. Stat. § 111.39.  Nevertheless, there are two fatal problems with plaintiff's claim under the WFEA.  First this statute does *not* provide a private right of action on the facts alleged in this case.  That is because plaintiff brings a claim of discrimination occurring in 2014, while "a private right of action under the WFEA existed in [a] limited window between 2009 and 2012."  *Sharp v. Stoughton Trailers, LLC*, No. 15-cv-598-jdp, 2016 WL 3102241, at *2 (W.D. Wis. June 2, 2016).  Second, plaintiff's allegations do not give rise to a claim of improper "honesty testing" under the WFEA.  Among other things, that statute regulates an employer's use of "honesty testing *devices*" in employment situations.  *See* Wis. Stat. § 111.37 (emphasis added).  Here, plaintiff merely alleges that Eschalante unjustifiably cast doubt on his honesty, and thus violated the statue, by remarking in an email that it was "odd" plaintiff had not included former employers on his resume.  (Dkt. #21 at 2.)

While plaintiff appears to suggest the word "device" as used in the statute may include a written statement, the statute actually concerns *physical* devices meant to measure

the truthfulness of applicants or employees, such as a "polygraph, deceptograph, voice stress analyzer, psychological stress evaluator or other similar device, whether mechanical or electrical, that is used, or the results of which are used, to render a diagnostic opinion about the honesty or dishonesty of an individual."  Wis. Stat. § 111.37(1)(b); *see also Pluskota v. Roadrunner Freight Sys., Inc.*, 524 N.W.2d 904, 906 (Wis. Ct. App. 1994) (holding that surveys, interviews, and paper and pencil personality tests are *not* prohibited by the WFEA, which encompasses only tests that measure physiological changes in the subject as the test is being administered).  Given that plaintiff does not allege that he was subject to any such device testing, his WFEA claim fails on this ground as well.

For all these reasons, defendants' motion to dismiss will be granted in part and denied in part.

## ORDER

IT IS ORDERED that:

1) Plaintiff Jerry E. Butler's motion to present a more definite statement of claim (dkt. #14) is GRANTED and that statement is deemed a supplement to his existing pleading, along with all accompanying exhibits.

2) Plaintiff's motion to include exhibit 12 and 12A (dkt. #22) is also GRANTED.

3) Plaintiff's motion to limit consideration of specific emails (dkt. #23) is DENIED.

4) Defendants' motion to dismiss or for a more definite statement of claim (dkt. #12) is GRANTED IN PART and DENIED IN PART as set forth above.

5) Plaintiff's claims under the Age Discrimination in Employment Act and the Wisconsin Fair Employment Act are DISMISSED.

6) Defendants Barb Gerloff, Doug Rosenberg, Teri Englke, and Beth Janetski are DISMISSED.

7) The clerk's office is directed to amend the caption of this case to include as a defendant the Board of Regents of the University of Wisconsin System.

8) On or before August 11, 2022, counsel for defendants must indicate whether the Attorney General's office will accept service on behalf of the Board of Regents.  Otherwise, plaintiff is directed to arrange formal service *promptly*.

Entered this 4th day of August, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge