IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JERRY E. BUTLER,

                Plaintiff,                      OPINION AND ORDER

    v.

                                          20-cv-175-wmc

JIM ESCHALANTE, GAIL
SIMPSON, and BOARD OF
REGENTS OF THE UNIVERSITY
OF WISCONSIN SYSTEM,

                Defendants.

---

    *Pro se* plaintiff Jerry E. Butler alleges that certain employees of the University of Wisconsin-Madison's School of Education discriminated against him based on his age and his race in the hiring process for an Associate Faculty position. He is proceeding against the Board of Regents of the University of Wisconsin System for violations of Title VII of the Civil Rights Act and against Associate Dean Jim Eschalante and Professor Gail Simpson for violating the Equal Protection Clause of the Fourteenth Amendment. (Dkt. #24.)

    Dispositive motions are due on April 28, 2023, but Butler has filed a motion for summary judgment and a motion for leave to amend his complaint. (Dkt. ##29-31.) None of Butler's filings are labeled as a proposed amended complaint, but the court understands the document filed at dkt. #30-2 to be a combined proposed amended complaint and findings of fact. In his motion to amend, Butler states that he wants to add a state-law breach of contract claim and a Title VII retaliation claim, and it appears from his proposed amended complaint and findings of fact that he would also like to reinstate Assistant Dean Barb Gerloff as a defendant and pursue claims of false misrepresentation

against the individual defendants. (Dkt. ##29, 30-2 at 1, 3-4.) Because defendants have answered, Butler needs defendants' consent or the court's leave to amend his complaint. Fed. R. Civ. P. 15(a)(2). The court must freely give leave to amend when justice so requires, but the court has "broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008).

Butler cannot proceed on a state-law breach of contract claim. For a contract to exist, there must be an offer, acceptance, and consideration. *Piaskoski & Assocs. v. Ricciardi*, 2004 WI App 152, ¶ 7, 275 Wis. 2d 650, 686 N.W.2d 675. Butler alleges that the University's statement in the Associate Faculty job posting that it is "an equal opportunity/affirmative action employer" that "promote[s] excellence through diversity and encourage[s] all qualified individuals to apply" is a contract with applicants that defendants breached here by violating internal antidiscrimination policies in their consideration of his application. (Dkt. #30-2 at 2.) Even so, at most the University simply promised to follow the law. This claim is therefore a repackaging of Butler's Title VII claims and adds nothing to his case.

Butler also alleges that the University retaliated against him for filing this lawsuit by rejecting his application for a drawing and painting position. (Dkt. ##29 at 2, 30-2 at 4.) To succeed on a Title VII retaliation claim, a plaintiff must "present evidence of (1) a statutorily protected activity; (2) a materially adverse action taken by the employer; and (3) a causal connection between the two." *Volling v. Kurtz Paramedic Servs., Inc.*, 840 F.3d

2

378, 383 (7th Cir. 2016) (quoting *Turner v. The Saloon, Ltd.*, 595 F.3d 679, 687 (7th Cir. 2010)). That Butler filed a lawsuit alleging discrimination based on age and race about a month after he applied for this alternative position in the same department that he allegedly was also well-qualified but ultimately not hired for is sufficient to state such a claim. For Butler's benefit, the court notes that alleging a retaliation claim is often easier than proving one and he will not be able to rely on his own allegations and beliefs to proceed to trial.

That said, the court will not reinstate Gerloff as a defendant or allow Butler to pursue claims against the individual defendants for false misrepresentation. Butler's specific allegations concerning Gerloff and the individual defendants' misrepresentations are in his motion for summary judgment, not in his proposed amended complaint and findings of fact. (Dkt. #31.) But Butler cannot amend his complaint by adding allegations and arguments to a summary judgment motion or brief. *See Anderson v. Donahoe*, 699 F.3d 989, 998 (7th Cir. 2012) (complaint may not be amended through summary judgment brief).

Regardless, what Butler alleges about Gerloff in his summary judgment motion may be relevant to his Title VII discrimination claims against the University, but the court previously dismissed his equal protection claim against Gerloff and Butler does not argue for reconsideration of that decision. As for their alleged misrepresentations, Butler contends that Gerloff, Eschalante, and Simpson made false and misleading statements in response to his discovery requests to cover up their unlawful conduct (dkt. #31 at 14-18), but proceeding on such claims would be futile. A claim for fraudulent misrepresentation

3

under Wisconsin law requires that: (1) the defendant made a representation of fact to the plaintiff; (2) the representation of fact was false; (3) the defendant knew the representation was false and made it with intent to deceive and to induce the plaintiff to act on it to his detriment; and (4) the plaintiff believed and relied upon the misrepresentation to his detriment. *Tietsworth v. Harley-Davidson, Inc.*, 2004 WI 32, ¶ 13, 270 Wis. 2d 146, 677 N.W.2d 233 (citing *Ollerman v. O'Rourke Co., Inc.*, 94 Wis.2d 17, 26, 288 N.W.2d 95 (1980)).  Butler does not credit and has not relied to his detriment on the discovery responses he is contesting.  And in any event, it is unknown which of these statements defendants will rely on at summary judgment.  Whatever evidence defendants ultimately offer, Butler can marshal his contrary arguments and evidence in response at that time.

Because Butler's motion for summary judgment addresses claims on which he is not proceeding, and is premature, the court will dismiss it without prejudice.  If Bulter decides to renew his motion, he does not need to resubmit any evidence he has already filed with the court; he can just cite to that evidence.  But his motion must address only the Title VII and equal protection claims he is proceeding on.  For now, the parties should focus on conducting any further discovery on Butler's claims necessary before the April 2023 dispositive motions deadline.

ORDER

IT IS ORDERED that:

1) Plaintiff Jerry E. Butler's motion for leave to amend his complaint (dkt. #29) is GRANTED in part as follows: he may proceed against the Board of Regents on a Title VII retaliation claim.

2) Plaintiff's motion for summary judgment (dkt. #31) is DENIED without prejudice.

Entered this 1st day of March, 2023.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge